|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>JERROLD S. KULBACK, ESQUIRE<br>**ARCHER & GREINER, P.C.**<br>1025 Laurel Oak Road<br>Voorhees, NJ 08043<br>Telephone: (856) 673-3936<br>Facsimile: (856) 795-0574<br>Email: jkulback@archerlaw.com<br><br>*Attorneys for CM Ventures Holdings LLC* |  |
| In Re:<br><br>NIMESHKUM S. PATEL, *et al.*,<br><br>Debtors. | Chapter 13<br><br>Case Number: 24-11166 (RG) |

**OBJECTION OF CM VENTURES HOLDINGS LLC**
**TO CHAPTER 13 PLAN**

CM Ventures Holdings LLC ("CMVH"), by and through its undersigned attorneys, objects to the Chapter 13 Plan (the "Plan") [Docket No. 15] filed by Debtors, Nimeshkum S. Patel and Shital M. Patel (the "Debtors"), and in support thereof, says as follows:

1. CMVH is a general unsecured creditor in the sum of $540,114.41 relating to a judgment entered in favor of CMVH and against the Debtors on January 31, 2024, by the Supreme Court of the State of New York, New York County. CMVH filed a Proof of Claim on February 12, 2024 [Claim No. 2-1].

2. On March 4, 2023, the Debtors filed the Plan. The Plan provides for payments of $2,000 per month for 60 months. For the foregoing reasons, CMVH objects to the Plan.

**A.   The Plan Fails To Satisfy Section 1325(a)(4) of the Bankruptcy Code**

3. As a condition of confirmation of a chapter 13 plan, Section 1325(a)(4) of the Bankruptcy Code requires that:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. § 1325(a)(4). The confirmation standard set forth in Section 1325(a)(4) has traditionally been known as the "best interests of creditors test." The best interests test is specifically aimed at the protection of the holders of unsecured claims in chapter 13 cases.

4. Section 1325(a)(4) requires the court to hypothesize a chapter 7 liquidation, on the effective date of the plan, of the debtor's estate. The most logical and practical method for such valuation is to consider the value of the *non-exempt* property that would have been liquidated in a chapter 7 case filed on the date the chapter 13 petition was filed.

5. As set forth in the Chapter 13 Trustee's objection [Docket No. 24], a Section 341 meeting of creditors has not been conducted, and therefore CMVH has been unable to inquire into the Debtors' assets and liabilities. It is noted:

(a) Based purely upon websites such as Zillow, the value of the Debtors residence appears understated.

(b) The Debtors appear to treat the claim of Saint Clare's Hospital as a secured claim against the residence based upon a judgment. However, that judgment lien is likely avoidable, and should not be included in the equity analysis.

(c) The Debtors have scheduled four motor vehicles (a BMW, a Lexus and two Mercedes-Benz) in addition to two motorcycles. Although CMVH does not have

information regarding the condition of those vehicles, assuming normal wear and tear, the values ascribed by the Debtors appear to be understated based upon publicly available NADA values.

        (d)    The value of home furnishings, electronics and other personal property such as jewelry appear to be understated for a family with gross income exceeding $589,000 for 2023 and similar amounts in prior years.

**B.**    **The Plan Fails To Satisfy Section 1325(b)(1)(B) of the Bankruptcy Code**

    6.    Section 1325(b)(1) of the Bankruptcy Code provides that:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan, unless, as of the effective date of the plan –
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B). Subsection (A) is not applicable since this plan proposes to distribute less than 100% to the Debtor's unsecured creditors. Accordingly, the Court cannot confirm the Plan unless subsection (B) is satisfied.

    7.    Subsection (B) begins the disposable income calculation by determining the debtor's "current monthly income." "Current monthly income" is defined in Section 101(10A) as the debtor's average monthly income received that is derived during the six calendar months preceding the petition date. 11 U.S.C. § 101(10A). Depending on whether the debtor's current monthly income is above-median or below-median, the debtor's reasonably necessary expenses are determined under Section 1325(b)(2) or a combination of Section 1325(b)(2) and (b)(3). Here, the Debtors have asserted that they are above-median debtors.

8. As of the date of this Objection, CMVH is unable to determine whether 11 U.S.C. § 1325(b)(1)(B) is satisfied due to the Debtors' failure to sit for the Section 341 meeting of creditors.  CMVH also joins in the objection of the Chapter 13 Trustee with respect to missing information from the Debtors, especially since they are self employed.

9. It is also noted that the Debtors seek to deduct as expenses payments to secured creditors on all of their vehicles totaling $3,243.23.  They also seek to deduct $8,990.15 per month of mortgage payments and $1,243.33 per month for life insurance.  All of these monthly expenses should not be permitted, which results in a greater return to unsecured creditors such as CMVH.

## CONCLUSION

WHEREFORE, CMVH respectfully requests entry of an Order denying confirmation; and for such other and further relief as may be just and equitable.[1]

 ARCHER & GREINER
 A Professional Corporation
 *Attorneys for CM Ventures Holdings LLC*

Dated:  April 9, 2024 By: */s/ Jerrold S. Kulback*
 Jerrold S. Kulback, Esquire
 1025 Laurel Oak Road
 Voorhees, NJ 08043
 Telephone: (856) 673-3936
 Facsimile: (856) 795-0574
 Email: jkulback@archerlaw.com

---

[1] CMVH reserves its right to object to confirmation on other grounds, including any that may become evident as discovery in this matter progresses.  Nothing herein should be construed a waiver of any of CMVH's rights or remedies whatsoever.